```
                    Environmental Court of Vermont
                          State of Vermont

=======================================================================
              E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================
```

**In re Northeast Kingdom Community Action, Inc.**
  (appeal from ZBA conditional use approval)     Docket No. 123-6-07 Vtec
  (appeal from Planning Comm. site plan approval)  Docket No. 128-6-07 Vtec
  (appeal from ZBA denial of zoning permit appeal) Docket No. 152-7-07 Vtec

**Project:**    NEKCA Preschool Education & Family Services Center

**Applicant:**  Northeast Kingdom Comm Action, Inc.

**Title: Motion to Amend 9/23/2008 Order, No. 11**

**Filed:**     October 2, 2008

**Filed By:**  Appellants Paul and Joan Curtis

**Response filed on 10/06/08 by Appellee NE Kingdom Comm. Action, Inc.
Opposition**

____ Granted          _X_ Denied          ____ Other


      In their motion to amend, Appellants request that the Court revise its September 23, 2008 Entry Order, so as to allow Appellants to assert "Other Questions" not specifically asserted in their original Statements of Questions in each of the above Dockets. For the reasons stated below, the Court declines to revise its prior Entry Order.

      Each of Appellants' Statement of Questions was originally filed fourteen or more months ago. Our Rules require that an appellant file their statement of questions "within 20 days after the filing of the notice of appeal." V.R.C.P. 5(f). The Rule further provides that an "appellant may not raise any question . . . not presented in the statement as filed . . .." Id.

      Appellants argue that the questions they seek to add to their appeals are merely clarifications of questions generally raised in their original Statements. Our review of the Statements of Questions in each Docket leads to a different conclusion. The original Questions upon which Appellants now rely state broad challenges to the municipal approvals now being challenged; one such example is found in Question #10 in the earliest Docket: "Were significant bylaws overlooked in the conditional use approval." This and the other original Questions upon which Appellants rely provide no notice to this Court or the other parties of the specific Questions Appellants now seek to add to these appeals, some fifteen months after these appeals were commenced and little more than three weeks prior to trial.

      The new Questions Appellants seek to add to their appeals provide additional support for restricting their additions to these land use appeals. By the Questions under the new title "Other Questions," Appellants seek to challenge applicant's ability to obtain conditional use, site plan and zoning permit approval, due to NEKCA's alleged failure to obtain state licensing for the pre-school, nursery school, day care and

adult care facility that it has yet to construct.  Appellants' motion to amend at p. 3.  Appellants also seek to add a further challenge to NEKCA's municipal land use applications by asserting non-conformance with Act 62, the state education funding law.  <u>Id</u>.  NEKCA notes that it cannot obtain such state licensing without the opportunity for state licensing officials to conduct site visits at the facility.

In situations where no clear direction is afforded an applicant as to which approvals, state or local, should first be obtained, the first approval, if awarded, may contain a condition that actual operation must await the receipt of all remaining state, local and federal approvals. Absent such an option, any development could be stifled, without ever obtaining a substantive review of its conformance to applicable land use requirements.

To the extent that this Court has the discretionary authority to allow an expansion, at this late date, of the legal issues to be addressed in this appeal, we conclude that exercising such discretion now would be unwise and unjust.  No action that may be taken in these proceedings will exempt NEKCA from its obligation to obtain all necessary licenses and approvals before it commences operation of its facility.  If the facts presented at trial justify a conclusion that NEKCA's proposed project conforms to the applicable provisions of the Newport Zoning Bylaws, occupancy and operation of the facility can be made conditional upon the receipt of all necessary licenses.  So as to "ensure summary and expedited proceedings consistent with a full and fair determination"[1] of the land use issues property raised in these Dockets, we will limit our review of the pending applications to conformance to the substantive sections of the municipal land use regulations.

_____          _____
        Thomas S. Durkin, Judge                       Date
=======================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Appellant Paul Curtis
    Appellant Joan Curtis
    Appellant George M. Azur II
    Appellant Shelly Azur
    Appellant Douglas Jenks
    Appellant Lois Jenks
    Appellant Francis L. Ormsbee
    Appellant Amelia A. Ormsbee
    Appellant William D. Prue
    Appellant Debra Prue
    Appellant Linda Curtis
    Appellant Clark W. Curtis
    Appellant Norman Thurston
    Interested Person John K Hall
    Interested Person Harriet G. Hall
    Attorney Charles D. Hickey for Appellee NE Kingdom Comm Action, Corp.
    Attorney William Boyd Davies for Interested Person City of Newport

---

[1] **Vermont Rules for Environmental Court Proceedings 1.**